# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-915V

|  |  |
|---|---|
| DORIAN SANDLIN,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: September 29, 2025 |

*Jessica A. Olins, Mctlaw, Seattle, WA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On June 13, 2024, Dorian Sandlin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 18, 2022. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 10, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On September 29, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $125,517.00, comprised of $125,000.00 for Petitioner's pain and suffering and $517.00 for Petitioner's past unreimbursable expenses, plus $42.00 to satisfy the State of Indiana Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, I award Petitioner the following:

1) **a lump sum payment of $125,517.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

2) **a lump sum payment of $42.00, representing compensation for satisfaction of the State of Indiana Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> **Indiana Health Coverage Programs**
> **Gainwell Technologies/Medicaid**
> **P.O. Box 50441**
> **Indianapolis, IN 46250-0418**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| DORIAN SANDLIN,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 24-915V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 13, 2024, Dorian Sandlin ("petitioner"), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 18, 2022.  Petition at 1-2.  On January 15, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act and on July 10, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 17; ECF No. 23.

**I.       Items of Compensation**

      A.       <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $125,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $517.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

C.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Indiana Medicaid lien in the amount of $42.00, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Indiana may have against any individual as a result of any Medicaid payments the State of Indiana has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about October 18, 2022 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II.  Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.  A lump sum payment of **$125,517.00**, to be paid through an ACH deposit to

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

    petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B.   A lump sum payment of **$42.00**, representing compensation for satisfaction of the State of Indiana Medicaid lien, in the form of a check payable jointly to petitioner and:

> Indiana Health Coverage Programs
> Gainwell Technologies/Medicaid
> P.O. Box 50441
> Indianapolis, IN 46250-0418

Petitioner agrees to endorse the check to Indiana Health Coverage Programs for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

<u>/s/ Alexa Roggenkamp</u>
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

DATED: September 29, 2025

3